REDMANN, Judge.
Giarrusso Security Services, Inc. -contracted to provide uniformed guard services to Continental Can Company, and by its contract indemnified Continental against personal injury claims “arising out of, incidental to, or in connection with the work” Giarrusso contracted for, whether or not due to negligence by Giarrusso, “and whether or not due to any act of omission or commission including negligence, but excluding sole negligence, of Continental, its employees, servants or agents.”
Continental was sued by a Giarrusso employee injured in the collapse of a footbridge adjacent to the Continental plant. While Continental was sued as owner of the bridge (as was another), two other defendants were sued as having by their activities contributed to the collapse. Continental third-partied Giarrusso, who moved and obtained dismissal by the summary judgment from which Continental appeals.
We reverse. If plaintiff’s injury “arose out of” the Giarrusso work and, for example, was due to the fault of one of the other defendants for which Continental is vicariously liable as bridge owner, then (even if workmen’s compensation law limits Continental’s liability as a statutory employer “principal,” R.S. 23:1061) Continental may be entitled to indemnity from Giarrusso under the contract.
Reversed.